IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| | : | 1:16-CR-0218-LMM |
| v. | : | |
| OTIS SHANNON, GEOVON MARTIN, DERRICK McDOW, *et al.*, | : | |
| Defendants. | : | |

# **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R) [115], denying Defendant Martin's Motion for a Bill of Particulars [81], denying Defendant Martin's request for the names of unindicted co-conspirators [82], recommending that this Court deny Defendant Martin and Defendant McDow's Motions for Severance [84, 89], and recommending that this Court deny Defendant Martin's Motions to Dismiss [80, 83]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant Martin and Defendant McDow filed objections to the R&R [123, 126].[1] After due consideration, the Court enters the following Order:

---

[1] Martin makes one objection to the Magistrate Judge's factual findings regarding the request for a Bill of Particulars. The Court will discuss this issue in the section specifically discussing the Bill of Particulars. Otherwise, there are no objections

**I.     LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; FED. R. CRIM. P. 59(b)(3). As Defendants filed objections to the R&R with respect to its analysis of Defendants' Motions, the Court reviews the Magistrate Judge's recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

**II.    DISCUSSION**

As way of a brief background, Defendants Geovon Martin ("Martin") and Derrick McDow ("McDow") were charged with eight other Defendants in a thirteen count indictment alleging conspiracy to bribe a government official and conspiracy to commit healthcare fraud. Specifically, Martin has been charged with conspiracy to commit healthcare fraud by having allegedly conspired with Defendant Shannon, a former employee of Georgia's Department of Behavioral Health and Developmental Disabilities ("DBHDD"), to fraudulently obtain a Georgia Medicaid provider number for Martin's company, New Progressions, LLC. Additionally, Martin has been charged with conspiracy to bribe a

---

to the R&R's factual findings, and the Court incorporates them herein by reference.

government official by allegedly having paid Shannon to obtain the provider number.

McDow is similarly charged with conspiracy to commit healthcare fraud by allegedly having conspired with Shannon to obtain a provider number for his company, Outward Bound Community Services, LLC. He has also been charged with conspiracy to bribe a government official by having allegedly paid Shannon for the provider number.

As eight Defendants were all charged together in a single indictment, Defendant Martin has filed a Motion to Dismiss the two counts against him for improper joinder.[2] Dkt. No. [80]. He and McDow have also filed separate Motions to Sever, asking the Court to try them separately from their co-defendants. Dkt. Nos. [84, 89]. Lastly, Martin has filed a Motion to Dismiss count IV of the indictment, conspiracy to commit healthcare fraud, for failure to allege essential elements of the claim. Dkt. No. [83]. Related to these Motions to Sever and Dismiss, Martin filed a request for a Bill of Particulars and a request for the names of non-indicted co-conspirators.

The Magistrate Judge analyzed Defendants' Motions and determined that: (1) the charges in the Indictment were not improperly joined; (2) Defendants are not entitled to severance; and (3) the Government properly alleged each essential element of conspiracy to commit healthcare fraud against Martin. Additionally,

---

[2] After plea hearings, only four of the original eight defendants remain in the case for a joint trial as the other four have plead guilty.

the Magistrate Judge denied Martin's request for a Bill of Particulars and the names of non-indicted co-conspirators. Martin and McDow have each filed objections to the R&R's recommendations.

Martin objects to the Magistrate Judge's recommendation that the Court deny his three Motions and his request for a bill of particulars. However, it appears from Martin's brief that he does not object to the Magistrate Judge's recommendation that the Court deny his request for a list of non-indicted co-conspirators. As such, that request is **DENIED**.

McDow also objects to the Magistrate Judge's recommendation regarding his Motion to Sever. The Court will analyze each objection in turn.

### a. Improper Joinder

As stated above, Martin asks the Court to dismiss the charges against him for improper joinder. "Joinder of parties and defendants under [Federal Rule of Criminal Procedure] 8 is designed to promote judicial economy and efficiency." U.S. v. Weaver, 905 F. Supp. 2d 1466, 1476 (11th Cir. 1990). "Rule 8 is broadly construed in favor of initial joinder." Id. (internal quotations omitted). Indeed, Rule 8(b) "permits the joinder of [d]efendants in the same indictment if they are alleged to have participated in the same act or transaction, and the general rule is that [d]efendants indicted together should be tried together, especially in conspiracy cases." U.S. v. Chavez, 584 F.3d 1354, 1359-60 (11th Cir. 2009).

The Magistrate Judge concluded that Martin was properly joined with his co-defendants because the Indictment alleges that he was involved in the same

4

series of acts or transactions pursuant to a common scheme of bribing Shannon to obtain provider numbers to fraudulently bill claims to Georgia's Medicaid system. More specifically, the Magistrate Judge concluded that Shannon was the common thread that connected the thirteen charges together, including Martin's charges.

Martin objects to the Magistrate Judge's findings for two reasons. First, Martin contends that, in coming to that conclusion, the Magistrate Judge should have relied on a similar case with similar circumstances. According to Martin, the fact that the Magistrate Judge did *not* cite to similar cases demonstrates that this case should be dismissed for improper joinder.

However, nothing in Rule 8 dictates that, if a court cannot find a similar case denying a motion for improper joinder, then the motion must be granted. Indeed, Martin himself fails to cite any authority dictating that a court *must* find a case with similar facts if it wishes to deny a motion to dismiss for improper joinder.

In fact, the Rule 8 standard asks the court to use its commonsense, looking at the individual facts of the case, to determine if joinder is proper. U.S. v. Rittweger, 524 F.3d 171, 177 (2d Cir. 2008).[3] Here, the Magistrate Judge looked

---

[3] Martin also took issue with the Magistrate Judge citing Rittweger because, according to Martin, the case has dissimilar facts and therefore the Magistrate Judge should not have relied on it. However, the Magistrate Judge did not rely on the facts in Rittweger to determine that the facts in this case allow joinder. Instead, the R&R simply cites to the part of Rittweger where the Second Circuit requires lower courts to use their commonsense. There is absolutely no

at the facts, determined that the indicted individuals are connected through a common scheme with Shannon, and that this overlap of facts and connections makes joinder judicially efficient.

The Court agrees with the Magistrate Judge's analysis that common connections and facts allow for joinder under Rule 8. Rule 8 dictates that defendants may be charged on the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions." FED. R. CRIM. P. 8(b). While Martin contends that joinder is improper because his co-defendants operated separate businesses, allegedly bribed Shannon in varying ways, and did so over the course of a year rather than all at once, the co-defendants' alleged actions are still sufficiently connected to the same series of acts or transactions as to permit joinder.

Next, Martin objects to the Magistrate Judge's finding that joinder in this case is more efficient then trying the co-defendants separately. According to Martin, any efficiency is negligible when compared to the prejudice suffered by each defendant forced to sit through days of testimony that has nothing to do

---

discussion of Rittweger's facts such that the Magistrate Judge improperly applied a factually dissimilar case.

The same is true of United States v. Cain, No. 3:14-CV-00022-TCB-RGV, 2015 WL 7117577 (N.D. Ga. April 7, 2015), which Martin also claims the Magistrate Judge improperly relied on because of its dissimilar facts. However, again, the Magistrate Judge did not rely on the facts of Cain to determine joinder was proper in this case. Instead, the Magistrate Judge simply relied on it for the notion that joinder is proper when there is a substantial identity of facts and participants. Therefore, to the extent Martin has asked the Court to reject the Magistrate Judge's recommendation based on his reliance on these two cases, that request is **DENIED**.

with his or her case. However, the Court finds that merely needing to sit through a potentially long trial is not prejudicial and certainly would be outweighed by the efficiencies in only describing the type of fraud and Georgia's Medicaid system to jurors once.

As such, Martin's objections to the R&R regarding his Motion to Dismiss for Improper Joinder are **OVERRULED**. The Court **AFFIRMS** the R&R's recommendation and the Motion to Dismiss for Improper Joinder is **DENIED**.

### b. Severance

Both Martin and McDow object to the Magistrate Judge's finding that severance is not necessary in this case. Even if joinder is proper under Rule 8, a court has discretion under Federal Rule of Criminal Procedure 14(a) to sever the offenses and order separate trials if it appears that consolidation of the charges would prejudice the defendants. FED. R. CRIM. P. 14(a); U.S. v. Kopituk, 609 F.2d 1289, 1314-15 (11th Cir. 1982). "In deciding a motion for severance, the Court must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." U.S. v. Denmark, No. 205CR71FTM33DNF, 2005 WL 2755987, at *2 (M.D. Fla. Oct. 25, 2005). "[T]he Eleventh Circuit has interpreted Rule 14 to require a [d]efendant seeking severance to demonstrate specific and compelling prejudice arising from a joint trial." Id. (citing U.S. v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989)).

Martin and McDow argued to the Magistrate Judge that severance is warranted in this case for several reasons. First, Martin argued that inculpatory

7

evidence may be admitted against some defendants that is inadmissible against him, and because a joint trial will necessarily include vast quantities of information that do not relate to him, "the cumulative and prejudicial 'spill over' effect may prevent the jury from sifting through the evidence so as to make an individualized determination as to each Defendant." Dkt. No. [84] at 3-4. Additionally, Martin argued that it is likely Shannon will testify against each defendant, however, much of that testimony would be inadmissible at Martin's trial if Martin had an individual trial.

McDow made similar arguments, contending he would suffer unfair prejudice if he is tried with his co-defendant because there is no evidence that he or his company received any Medicaid reimbursements whereas some of the co-defendants received close to $2 million in reimbursements. Additionally, McDow contends that the Government may offer statements and evidence from co-defendants that implicate him and his Sixth Amendment right to confrontation.

The Magistrate Judge considered Defendants' arguments and concluded that they did not warrant severance. First, the Magistrate Judge acknowledged that a defendant can show compelling prejudice requiring severance by demonstrating that a jury would be unable to separate the evidence relevant to each count. However, the Magistrate Judge pointed out that the Eleventh Circuit has held this prejudice can be overcome by a proper jury instruction. U.S. v. Baradji, 479 F. App'x 301, 303 (11th Cir. 2012). Specifically, the Eleventh Circuit held, "even in the case of prejudicial spillover, 'a court's cautionary instructions

will ordinarily mitigate the potential spillover effect of evidence of a codefendant's guilt.'" Id. (quoting U.S. v. Lopez, 649 F.3d 1222, 1235 (11th Cir. 2011)).

The Magistrate Judge went on to conclude that this case was one of those cases were a proper jury instruction would mitigate any potential spillover effect. Specifically, the Magistrate Judge found this case "simply is not one where the risk that the jury will not, or cannot, follow instructions is so great that it outweighs the interest in judicial economy served by a joint trial." Dkt. No. [115] at 13 (quoting U.S. v. Shoemaker, No. 2:11-CR-00038-NBB-DAS, 2012 WL 256250, at *5 (N.D. Miss. Jan. 27, 2012)). Lastly, the Magistrate Judge concluded that any Sixth Amendment confrontation issue was clearly premature as McDow has not identified any actual statements from a co-defendant that implicates him such that he would need to confront them.

Martin objects to the Magistrate Judge's findings first because the Magistrate Judge did not cite to any factually similar cases when determining severance was unwarranted. According to Martin, a lack of similar cases indicates that jury instructions are insufficient. However, as with Rule 8, there is no indication from Rule 14 or the Eleventh Circuit's interpretation of Rule 14 that a court is required to find factually similar cases when denying a motion to sever.

Next, Martin objects on the basis that his attorney has never seen a similar case where severance was not granted. However, the attorney's subjective experience in this area of the law does not determine that severance is necessary.

Lastly, Martin contends that, because the Government has not provided him with the evidence it plans to use against him and his co-defendants, he cannot identify exact problems he might face in a joint trial. However, the Government counters that, to date, it has complied with all discovery obligations and Martin has not alleged any discovery violation. As such, Martin's argument rests on the idea that there *might* be prejudicial information at a joint trial.

However, the Eleventh Circuit standard requires the defendant to show *specific* and compelling prejudice. Leavitt, 878 F.2d at 1340. Mere speculation as to a potential prejudice does not meet this burden. Therefore, Martin's objections to the R&R's recommendation regarding his Motion for Severance are **OVERRULED**. The R&R is **AFFIRMED** and Martin's Motion for Severance is **DENIED**.

McDow objects to the Magistrate Judge's findings because he believes he has shown serious and compelling prejudice. Specifically, McDow contends that, because he did not receive any reimbursements while other Defendants did, the evidence of their reimbursements will spill over such that, even with a limiting instruction, the jury will not be able to differentiate between his and his co-defendants' alleged crimes. Additionally, McDow contends that evidence of these reimbursements would be so inflammatory and prejudicial that he would not have a fair trial.

However, other courts dealing with similar issues have held that severance is not required even when proof of a crime is greater against one defendant over

another. See U.S. v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993) ("[J]oint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible."); U.S. v. Jones, No. 1:06-CR-140, 2007 WL 712420, at *4 (E.D. Tenn. March 6, 2007). Additionally, the Court is not convinced that a jury would be so inflamed by the reimbursement evidence that it could not abide by a proper limiting instruction. If anything, evidence showing that McDow's co-defendant acted more egregiously could work in McDow's favor. As such, McDow's objections to the R&R are **OVERRULED**. The R&R is **AFFIRMED** and McDow's Motion for Severance is **DENIED**.

### c. Essential Elements

As discussed above, Martin filed a Motion to Dismiss count IV of the Indictment for failure to allege all essential elements of healthcare fraud. Specifically, Martin contended that the Government failed to allege that the healthcare fraud affected commerce, as required by 18 U.S.C. § 1349.

The Magistrate Judge rejected this argument. In support, the Magistrate Judge cited United States v. Reddy, 534 F. App'x 866 (11th Cir. 2013). In that case, the Eleventh Circuit held that the Government had adequately pled healthcare fraud in violation of 18 U.S.C. § 1349 when the indictment referenced § 1349, tracked the statutory offense language, and detailed the workings of the alleged healthcare fraud, including how claims for reimbursements were submitted. Reddy, 534 F. App'x at 878.

According to the Magistrate Judge, in light of Reddy, the Government adequately pled healthcare fraud in this case because the Indictment references the statute, it tracks the offense language, and it details how Defendants allegedly conspired to receive fraudulent reimbursements. As such, the Magistrate Judge recommended that Martin's Motion be denied.

Now, Martin objects to this recommendation because, according to Martin, the Magistrate Judge should not have relied on an unpublished, non-binding case. However, the Court finds this argument unpersuasive because, while it may be unpublished and non-binding, it still provides the Court with persuasive authority on how to deal with charges of healthcare fraud. As such, the Court agrees with the analysis in Reddy and determines that the Government has adequately alleged healthcare fraud in count IV of the Indictment. Martin's objections are **OVERRULED**, the R&R is **AFFIRMED**, and Martin's Motion to Dismiss for failure allege all essential elements is **DENIED**.

### i. Bill of Particulars

Lastly, Martin objects to the Magistrate Judge's denial of his request for a Bill of Particulars. Specifically, Martin sought an order requiring the Government to specifically identify the date and amount of the alleged bribe payment Martin made to Shannon.

Federal Rule of Criminal Procedure 59(a) dictates that a Court may refer to a magistrate judge any matter that does not dispose of a charge or defense. FED. R. CRIM. P. 59(a). A party may object to the magistrate judge's determination on a

non-dispositive issue, but the district court will only modify or set aside the determination if it is contrary to law or clearly erroneous. Id. As the Magistrate Judge's denial of Martin's request is non-dispositive, the Court will review it under Rule 59(a).

Here, the Magistrate Judge denied Martin's request because, as a general rule, criminal defendants in a conspiracy case are not entitled to exact details regarding time, place, and other alleged participants. U.S. v. Sherriff, 546 F.2d 604, 606 (5th Cir. 1977); U.S. v. Esteves, 886 F. Supp. 645, 646 (N.D. Ill. 1995); U.S. v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); U.S. v. Upton, 856 F. Supp. 727, 753 (E.D.N.Y. 1994); U.S. v. Lobue, 751 F. Supp. 748, 756 (N.D. Ill. 1990).

Martin objects, arguing that the Magistrate Judge made an error of fact regarding the information in the record as to what Martin knows about the bribery allegations against him. As way of background, the R&R noted that, not only does the Indictment allege the approximate date and amount of the alleged bribe payment, the Government also provided Martin with a report that indicates Martin admitted to paying an individual named "Mike," later identified as Shannon. As Martin is only accused of bribing Shannon, the Magistrate Judge concluded a bill of particulars was unnecessary.

Martin contends that the report provided by the Government does not give him any additional information as he paid several consultants and it is possible one or more was named Mike. As such, Martin argues that the

13

Magistrate Judge should not have concluded that this vague report was sufficient to deny the request.

However, the Magistrate Judge did not deny the request solely because of the report. Instead, the Magistrate Jude determined that the Indictment itself gave sufficient details. As such, the Court finds the Magistrate Judge's denial is not contrary to law or clearly erroneous. The denial is **AFFIRMED** and Martin's request for a Bill of Particulars is **DENIED**.

### III.  CONCLUSION

In accordance with the foregoing, the Magistrate Judge's Report and Recommendation ("R&R) [115] is **AFFIRMED**. Defendant Martin and Defendant McDow objections to the R&R [123, 126] are **OVERRULED**. Defendant Martin's Motion for a Bill of Particulars [81], Defendant Martin's request for the names of unindicted co-conspirators [82], Defendant Martin and Defendant McDow's Motions for Severance [84, 89], and Defendant Martin's Motions to Dismiss [80, 83] are **DENIED**.

The trial as to Defendants Matthew Harrell, Geovon Martin, Marion Simpson, and Derrick McDow is hereby set to begin on Tuesday, April 11, 2017, at 9:30 AM in Courtroom 2107. The pretrial conference will be held on Tuesday, March 28, 2017, at 9:00 AM in Courtroom 2107. By noon on Tuesday, March 14, 2017, the parties are to file the following: motions *in limine* and proposed *voir dire* questions, and request to charge. By noon on Tuesday, March 14, 2017, the Government must file a brief summary of the indictment that the parties can rely

14

on for *voir dire.* By noon on Tuesday, March 21, 2017, the parties are to file any objections to those items listed above.

Excludable time is allowed through April 11, 2017, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 19th day of January, 2017

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE