# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| OTIS SHANNON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:16-CR-0218-LMM-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-0549-LMM-RGV |

## ORDER

This matter is before the Court on Otis Shannon's objections [193] to the Magistrate Judge's Final Report and Recommendation ("R&R) [190], which recommends that Shannon's 28 U.S.C. § 2255 motion [181] be denied. In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may

AO 72A
(Rev.8/82)

accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

Represented by retained counsel Michael Katz and Thomas Mondelli, Shannon entered a negotiated guilty plea to one count each of conspiring to commit healthcare fraud, in violation of 18 U.S.C. §§ 1347 and 1349, and conspiracy to commit bribery, in violation of 18 U.S.C. § 371. (Docs. 99; 186.) The Court imposed a total sentence of thirty months of imprisonment. (Doc. 174.)

Shannon timely filed this pro se § 2255 motion, arguing that: (1) he received ineffective assistance of counsel because Robert Giannini, the attorney who represented him during his proffer sessions with the government before he was indicted, "was not properly licenced to practice law at the federal level"; (2) his

2

subsequent counsel was ineffective for failing to "present [his] mental health issues and request [a competency hearing and] an independent evaluation to determine whether . . . [his] mental state influenced [his] participation in the criminal activity" or impaired his ability to understand the charges and plea agreement, even though he made numerous requests that counsel inform the Court that he "was under treatment for Major Depression/Bi-Polar Disorder Features Diagnosis" from his arrest through sentencing; (3) there was no conspiracy because some of the co-conspirators were dismissed from the indictment; (4) counsel failed to argue that the Court erred in determining the amount of loss attributable to him; (5) counsel was also ineffective for failing "to pursue [a] defense of lack of intent and withdrawal from the conspiracy"; (6) counsel further failed to argue that the Drug Abuse Treatment Licence was not required to obtain a Medicaid Provider License; and (7) counsel provided him ineffective assistance at sentencing by failing to challenge his sentencing enhancements for (a) leadership role and (b) unauthorized use of identification. (Doc. 181 at 4-5, 7-8, 18-37.) The government responds, in pertinent part, that ground (2) is not supported by the record and that Shannon's remaining grounds also lack merit. (Doc. 187 at 10-13, 17-21.) The Magistrate Judge agreed, finding that all of Shannon's grounds for relief lacked merit. (Doc. 190 at 9-18.)

3

Shannon objects to the Magistrate Judge's findings with respect to grounds (2) and (7)(b).[1] (Doc. 2.) As to ground (2), the Magistrate Judge found that Shannon had not presented evidence to show that (a) he suffered from major depression or bipolar disorder at the time the crimes charged in this case were committed or during his proffer sessions, plea proceedings, or sentencing hearing, or (b) he was mentally incompetent and did not understand the charges against him. (Doc. 190 at 12.) The Magistrate Judge further determined that Shannon's sworn statements during the plea colloquy show that his prior issues with depression and mental illness did not affect his ability to understand the nature of the charges against him or his decision to plead guilty. (Id. at 12-13.) The Magistrate Judge also found that the Court was authorized to find Shannon competent to enter a plea based on his remarks during the plea colloquy and that Shannon had not rebutted the presumption that those statements were true and correct. (Id. at 13-14.) The Magistrate Judge then concluded that Shannon had not shown deficient performance or prejudice as to this ground. (Id. at 14-15.) Regarding ground (7)(b), the Magistrate Judge found that Shannon could not

---

[1] The Court does not consider any new claims that Shannon raises in his objections but did not present to the Magistrate Judge. See Williams, 557 F. 3d at 1291-92 ("[R]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act . . .").

AO 72A
(Rev. 8/82)

show deficient performance by counsel or prejudice for failing to challenge the two-level enhancement for unauthorized use of identification, as Shannon had agreed in his plea agreement that the enhancement applied. (Id. at 18.) Nothing in Shannon's objections convinces the Court that the Magistrate Judge's thorough discussion of these issues is incorrect.

Having conducted a careful review of the R&R and Shannon's objections thereto, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Shannon's objections have no merit. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [190], **DENIES** Shannon's § 2255 motion [181], and **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 20th day of June, 2018.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)